# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-47V
Filed: July 30, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GLENN HENDERSON, | * |
| | * |
| Petitioner, | *   Damages decision based on stipulation; |
| | *   Tetanus-diphtheria-pertussis (Tdap) vaccine; |
| v. | *   injection site injury; systemic multi- |
| | *   symptomatic immune-mediated neurological |
| SECRETARY OF HEALTH | *   response; complex regional pain syndrome |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Edward M. Kraus</u>, Chicago, IL, for petitioner.
<u>Gordon E. Shemin</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On July 30, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that he suffered from an injection site injury and a systemic multi-symptomatic immune-mediated neurological response and/or complex regional pain syndrome as a result of his July 29, 2011, receipt of Tetanus-diphtheria-pertussis ("Tdap") vaccine. Respondent concedes that the Tdap vaccine caused petitioner to suffer an injection site injury but denies that the Tdap vaccine caused any other injury. Nonetheless, the parties agreed to resolve this matter informally.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

      The undersigned finds the terms of the stipulation to be reasonable.  The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.  Pursuant to the stipulation, the court awards a lump sum of **$475,000.00**, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) (2006).  The award shall be in the form of a check for **$475,000.00** made payable to petitioner.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>July 30, 2014</u>                                         <u>s/ Laura D. Millman</u>
                                                                                             Laura D. Millman
                                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GLENN HENDERSON, ) | |
| ) | |
| Petitioner, ) | No. 13-47V |
| ) | Special Master Millman |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the Tetanus-Diphtheria-Pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his Tdap vaccination on or about July 29, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the Tdap vaccine caused him to develop an injection site injury and a systemic multi-symptomatic immune-mediated neurological response and/or complex regional pain syndrome.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

6. Respondent concedes that the Tdap vaccine caused an injection site injury, but denies that the Tdap vaccine caused any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $475,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on or about July 29, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about January 18, 2013, in the United States Court of Federal Claims as petition No. 13-47V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner any injury other than an injection site injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*[signature]*

GLENN HENDERSON

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

EDWARD KRAUS
Law Offices
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5072

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]*

A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Acting Director, Division of Vaccine
Injury Compensation (DVIC), Acting Director
Countermeasures Injury Compensation
Program (CICP)
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*

GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: July 30, 2014

5